JAMES STEWART AND GEORGE STEWART, APPELLANTS,
*v.* GEORGE H. ROBINSON AND OTHERS, AS EXECUTORS
AND TRUSTEES, ETC., OF JOSEPH COLWELL, DECEASED,
RESPONDENTS.

*Partnership agreement — a clause providing for the continuance of the business by the*
*survivor, held not to make the estate of a deceased partner liable for new debts cre-*
*ated by the survivor not incurred in closing up the business.*

By a partnership agreement entered into between Joseph Colwell, since deceased, and
S. S. Hepworth, it appeared that Colwell owned the stock and Hepworth was to
receive half the profits for the sole management of the business. The agreement
provided that the wife and children of a deceased partner should succeed to his
share in the partnership for the remainder of the term, which was for five years,
the deceased partner having the right to designate by will the interests of the wife
and children as between themselves. A second agreement, by which the part-
nership was continued indefinitely "upon the same terms and conditions as
those which have previously existed," with the right to either party to terminate
it by a six-months notice, contained the following clause: "In the event of the
death of either, the business shall be continued by the survivor until the expira-
tion of five years from the first day of February next succeeding such death;
the estate of the deceased partner to have the same share and interest in the
profits, and to bear the same share of the losses of the business as would have
been required and borne by the deceased partner, had he lived, provided, how-
ever, that, if the survivor shall think it necessary, to employ the additional clerk
in consequence of the death of the deceased partner, in such case the expenses
shall be charged to, and shall be borne by, the share in the profits of the deceased
partner."

*Held,* that this clause had no greater effect than to permit the surviving partner to
take five years to close up the partnership, without intending or fairly meaning
that the general estate of the testator was to be bound for the new debts created
after his death by the surviving partner, other than those incurred in closing
up the business.

That nothing but the most clear and unambiguous language, demonstrating, in the
most positive manner, that the testator intended to make his general assets liable
for all debts contracted in the continuance of the business after his death, and
not merely to limit it to the funds employed in that business, would justify the
court in arriving at such a conclusion, because of the manifest inconvenience
thereof and the utter impossibility of paying off the legacies bequeathed by the
testator's will or distributing the residue of the estate, without, in effect, saying,
at the same time, that the payment might be recalled if the business should
become unsuccessful.

APPEAL from a judgment dismissing the complaint, entered in
Westchester county, upon the trial of this action by the court with-
out a jury.

The action was brought to obtain a distribution of the estate of Joseph Colwell, deceased, in payment of debts of, and among the creditors of, S. S. Hepworth & Co., a copartnership of which, in his lifetime, Joseph Colwell was a member, on the ground of the insolvency of the business and of S. S. Hepworth, the surviving partner.

*Ralph E. Prime*, for the appellants.

*William B. Ellison*, for the respondents.

BARNARD, P, J. :

The case shows that there were two agreements of partnership between Joseph Colwell, deceased, and Samuel S. Hepworth. By the first agreement Colwell owned the stock and Hepworth received half the profits for the sole management of the business. In the agreement it was provided that the wife and children of a deceased partner should succeed to his share therein for the remainder of the term, which was for five years. The deceased partner had the right to designate, by will, the interests of the wife and children as between themselves. The next agreement is based upon a continuation of the partnership indefinitely " upon the same terms and conditions as those which have previously existed," with the right to either party to terminate the partnership by a six months notice. In the last agreement is contained this clause out of which the question presented arises : " In the event of the death of either, the business shall be continued by the survivor until the expiration of five years from the first day of February next succeeding such death ; the estate of the deceased partner to have the same share and interest in the profits, and to bear the same share of the losses of the business as would have been required and borne by the deceased partner had he lived, provided, however, that if the survivor shall think it necessary to employ an additional clerk in consequence of the death of the deceased partner, in such case the expenses shall be charged to and shall be borne by the share in the profits of the deceased partner." Colwell died leaving a will disposing of his whole estate, and made no mention in it of the partnership, and giving consequently no power to the executor to continue the business. The surviving partner carried on the business under the partnership agreement and failed in business. The business was carried on under the old firm name, and the plaintiffs

are persons who are creditors of the partnership, with debts contracted subsequent to Colwell's death. The question, therefore, is whether the general estate of Colwell is holden for these debts? The authorities are by no means clear. It is definitely settled that death absolutely ends the partnership agreement in the absence of words continuing it after death. (*Martine* v. *International Life Insurance*, 53 N. Y., 339.) An executor cannot carry on a business without express authority to do so by the will. (*Hartnett* v. *Wandell*, 60 N. Y., 347.) An executor cannot bind the estate through a contract having for its object the creation of a new liability not founded on the testator's contract. They take testator's property as owners and must account for it to those entitled to distribution. (*Schmittler* v. *Simon*, 101, N. Y., 554.) By the parnership agreement the surviving partner carried on the business after Colwell's death under an express agreement made by the testator, and the executors took the property of deceased, as owners, without power to continue the partnership and without power to appropriate any of the property of deceased in aid of its performance and during its continuance. A direction by the testator to apply his estate to a partnership for five years, would have been clearly illegal as against his creditors, and even his next of kin and devisees. The clause in the contract, I think, has no greater effect than to permit the surviving partner to take five years to close up the partnership without intending or fairly meaning that the general estate of testator was to be bound for the new debts created by the surviving partner, after his death, other than those incurred in closing up the business. "Nothing but the most clear and unambiguous language, demonstrating in the most positive manner that the testator intends to make his general assets liable for all debts contracted in the continued trade after his death, and not merely to limit it to the funds embodied in that trade, would justify the court in arriving at such a conclusion, from the manifest inconvenience thereof and the utter impossibility of paying off the legacies bequeathed by the testator's will, or distributing the residue of the estate, without, in effect, saying, at the same time, that the payments may all be recalled if the trade should become unsuccessful or ruinous." (*Burwell* v. *Mandeville's Exr.*, 2 How. [U. S.], 577.)

This language is used, it is true, in regard to a will, but the mean·ing as well applies to contracts. The case shows reasons for such a. construction. The property all belonged to deceased, and no expecta-tion of a total loss can be imputed to him by the extension, and the clause itself provides that the clerk was to be charged " to the share " of the profits of the deceased partner. The clerk was not. to be a general charge.

The judgment should, therefore, be affirmed, with costs.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.